**LEWIS BRISBOIS BISGAARD & SMITH LLP**
PAUL A. DESROCHERS, SB# 214855
    Email: Paul.Desrochers@lewisbrisbois.com
ROBERT FARRELL, SB# 107461
    Email: Robert.Farrell@lewisbrisbois.com
45 Fremont Street, Suite 3000
San Francisco, California 94105
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendants MICHAELS MANAGEMENT SERVICES LLC; MONTEREY BAY MILITARY HOUSING LLC; THE MICHAELS ORGANIZATION, LLC; and MONTEREY BAY MANAGER LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN MIKKELSON, an individual; ALYSSA MIKKELSON, an individual; N.M., a minor, by and through his Guardian Ad Litem, JONATHAN MIKKELSON; M.M., a minor, by and through his Guardian Ad Litem, JONATHAN MIKKELSON; M.M., a minor, by and through his Guardian Ad Litem, JONATHAN MIKKELSON; A.M., a minor, by and through his Guardian Ad Litem, JONATHAN MIKKELSON; E.M., a minor, by and through her Guardian Ad Litem, JONATHAN MIKKELSON;<br><br>          Plaintiffs,<br><br>     vs.<br><br>MICHAELS MANAGEMENT SERVICES LLC, a New Jersey limited liability company; MONTEREY BAY MILITARY HOUSING, LLC, a Delaware limited liability company; THE MICHAELS ORGANIZATION, LLC, a New Jersey limited liability company; MONTEREY BAY MANAGER LLC, a California limited liability company; PROFESSIONAL ASBESTOS REMOVAL CORPORATION, a California Corporation and DOES 1 to 50, Inclusive,<br><br>          Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441, AND 1446**<br><br>**[FEDERAL QUESTION and DIVERSITY]** |

**TO THE HONORABLE COURT, PLAINTIFFS HEREIN AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendants MICHAELS MANAGEMENT SERVICES, LLC, MONTEREY BAY MILITARY HOUSING LLC, THE MICHAELS ORGANIZATION LLC and MONTEREY BAY MANAGER LLC (collectively "Defendants") hereby remove to this Court the action entitled *Jonathan Mikkelson, Alyssa Mikkelson and minor children NM, LM, MM, AM and EM Mikkelson v. Michaels Management Services, LLC, a Delaware limited liability company; Monterey Bay Military Housing LLC, a Delaware limited liability company; the Michaels Organization LLC, a New Jersey limited liability company; Monterey Bay Manager LLC, a California limited liability company; Professional Asbestos Removal Corporation, a California Corporation and Does 1 through 50, inclusive,* Superior Court of Monterey, County of Monterey, Case No. 24CV004879 (the "Action").

**FEDERAL QUESTION JURISDICTION**

1.      The first basis for removal is that this Court has original jurisdiction of this action under 28 U.S.C. § 1331 and it is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(b)(3) in that Plaintiffs' Complaint contains causes of action "arising under the Constitution, laws, or treaties of the United States" and asserts claims which implicate significant and substantial Federal interests.

2.      Plaintiff Jonathan Mikkelson is an active duty United States Marine Corps Officer. Between June 2022 and May 2023, Mr. Mikkelson and his family leased property from Defendants located at 1602 Mervine Street Road in Seaside, California in a privatized housing project on the former Ford Ord military installation in Monterey CA known as The Parks at Monterey ("the Property"). Plaintiffs' Complaint alleges they sustained bodily injuries, loss of property and other damages, including overpayment of rent, as a result of allegedly uninhabitable conditions which existed at the Property during their tenancy.

3.      The Property is part of a housing project which was developed under the Military Housing Privatization Initiative ("MHPI"), a Federal statute passed by Congress in 1966 (10 U.S.C. Section 2871 et seq.) with the objective of improving the quality of housing conditions for active

duty service members (See Declaration of Paul Desrochers, "Desrochers Dec'l" at Par. 6 and **EXHIBIT C** at p. 6:5-7).

4.    Plaintiffs' Complaint acknowledges that the statutory scheme set forth in the MHPI applies to the Property and that the terms and conditions of Plaintiffs' lease are mandated by the MHPI, including the statutory requirement that the amount of the military service members' rent for the property will be equal to the amount of the members' Basic Allowance for Housing ("BAH") as determined by the United States Department of Defense ("DOD") (Desrochers Dec'l at **EXHIBIT C** p. 6:3 to 7:12; Desrochers Dec'l at Par. 8 and **EXHIBIT D,** Section 4).

5.    Plaintiffs' Complaint alleges in part that under the MHPI, privatized housing companies such as Defendants collect rent directly from the DOD, which deprives tenants of "leverage" since military tenants have no control over their BAH and no ability to withhold rent for substandard conditions at their leased property. The Complaint also alleges that because the privatized housing companies are in direct contact with the military, the MHPI creates a "disparity in bargaining power" which can stifle complaints about housing problems due to the service members fear of reprisal (Desrochers Dec'l, **EXHIBIT C** at p. 7:1-12).

6.    Similarly, Plaintiffs' Complaint asserts that the allegedly substandard conditions at the Property are attributable to a "rampant abuse of the MHPI" by privatized housing companies such as Defendants, including an alleged scheme to defraud the United States Government by providing fraudulent invoices for maintenance and repair work (Desrochers Dec'l, **EXHIBIT C** at p. 7:13 to 10:2). These allegations relate directly to Federal statutory law (the MHPI) and how the statutory requirements and procedures of the MHPI are administered by Federal authorities to the detriment of tenants such as Plaintiffs. As such, Plaintiffs' Complaint unquestionably implicates "the laws of the United States" (the MHPI) and asserts claims which require an interpretation of Federal law and otherwise raise significant and substantial Federal interests. As such, removal of this action under 28 U.S.C. § 1441(b)(3) is proper and warranted.

7.    Prior to filing their Complaint, Plaintiffs pursued their remedies under the Dispute Resolution procedure in their Lease, initially pursuing a Formal Dispute Resolution ("FDR") claim on October 27, 2023 alleging that Defendants had failed to properly remediate mold contamination

at the Property followed by a second FDR claim in February 2024 alleging that Defendants had increased the monthly rent for the Property above the amount permitted by California law (Desrochers Dec'l at Par. 9 to 11).

8.    The terms of Plaintiffs' lease, including the Dispute Resolution procedure, are mandated by the MHPI and are part of the MHPI Military Member Tenant Lease Agreement (also known as a "Universal MHPI Lease" form)  which Plaintiffs signed in order to occupy the Property (Desrochers Dec'l at **EXHIBIT D**). As Provided in the Lease's Dispute Resolution procedure, Eligible Housing Disputes are submitted to the United States Army Housing Office for consideration and determination by a "Deciding Authority" for the Army, whose decision on the issues in dispute is final. The Deciding Authority on Plaintiffs' FDR claims, (Lieutenant General Omar Jones IV, US Army Commanding Deciding Authority), considered and denied both of Plaintiffs' FDR claims (Desrochers Dec'l at Par. 9 to 11). In that regard, Plaintiffs availed themselves of Federal law and procedure under the MHPI when they pursued the Dispute Resolution remedies set forth in their lease. [1]

### JURISDICTION OVER STATE LAW CLAIMS

9.    To the extent the Court does not have original subject matter jurisdiction over Plaintiffs' breach of contract claims or other state law claims, the Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a) because the breach of contract claims are so related to the tort claims as to form the same case or controversy and share a common nucleus of operative facts. All of Plaintiffs' claims relate to the alleged existence and harm caused by the allegations of habitability issues in the home they leased from Defendants.

### DIVERSITY OF CITIZENSHIP EXISTS

10.    The second basis for removal is diversity of citizenship under 28 U.S.C. § 1332(a). Removing a state court action to Federal Court is proper if 1) there is complete diversity between

---

[1] Plaintiffs' Applications for their FDR claims and the written Decisions on the claims are designated as confidential under the terms of Plaintiffs' Universal MHPI Lease (See **EXHIBIT D**, Schedule 3, Section 12). If requested by the Court, Defendants will submit the referenced documents via a motion to file under seal pursuant to Northern District Local Rule 79-5.

the parties, i.e., no Plaintiff can be a citizen of the same state as any Defendant; and 2) the amount in controversy must exceed $75,000. 28 U.S.C. § 1367. For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).) A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003).)

11.    Defendants are informed and believe that all of the Plaintiffs in this action (Plaintiffs Jonathan and Alyssa Mikkelson and their minor children) are currently residing and domiciled in the State of North Carolina (See Desrochers Dec'l at Par. 12). The named Defendants in this action are four Limited Liability Companies organized under the laws of three states (California, Delaware, New Jersey) [2] and a Corporation organized under the laws of California.[3] Accordingly, there is complete diversity of citizenship between the parties and removal of the action to Federal Court is warranted under 28 U.S.C. §§ 1332(a) and 1367(a).

## BACKGROUND

12.    In 1996, Congress established the Military Housing Privatization Initiative ("MHPI") through the 1996 Defense Authorization Act to improve the quality of housing conditions for active-duty military personnel. *See* Pub. L. 104-106, 110 Stat. 186, 544, 10 U.S.C. 2871, *et seq.* (1996). The MHPI provided military service branches with alternative authorities for construction, renovation and management of military housing for families and unaccompanied personnel.

13.    The housing located at The Parks at Monterey Bay is owned and operated in a legal structure that is similar to other MHPI projects. The U.S. Army owns the land on which the housing is located. In 2003, the U.S. Army entered into a Ground Lease by which the Army leased portions

---

[2] Defendants Michaels Management LLC and The Michaels Organization LLC are organized under the laws of the State of New Jersey; Defendant Monterey Military Housing LLC is organized under the laws of the State of Delaware; and Defendant Monterey Bay Manager LLC is organized under the laws of the State of California

[3] Defendant Professional Asbestos Removal Corporation is organized under the laws of the State of California

of the land and transferred ownership of the then-existing housing. Therefore, Defendant Monterey Bay Military Housing, LLC is the owner of the housing while the U.S. Army remains the owner of the land where the housing is located.

14.    From June 18, 2022 through May 31, 2023, Plaintiffs occupied the Property located at 1602 Mervine Street in Seaside CA as tenants pursuant to a written MHPI Military Member Tenant Lease Agreement signed with Defendants (Desrochers Dec'l at **EXHIBIT C,** p. 10:4-8; Desrochers Dec'l at **EXHIBIT D**).

15.    On October 27, 2023, Plaintiffs filed a Request for FDR under the terms of their lease, alleging that Defendants had failed to properly remediate mold contamination at the Property. In making that claim, Plaintiffs alleged that Defendants investigation and remedial efforts at the Property violated specific provisions of the MHPI, including sections of the MHPI "Tenant Bill of Rights," as well as mold remediation protocols adopted by the Federal Government and the United States Army which Defendants relied on in performing the work at the Property (Desrochers Dec'l at Par. 9.)

16.    After Plaintiffs and Defendants submitted their written positions and responses on the issues in dispute, the Deciding Authority on Plaintiffs' FDR claim (Lieutenant General Omar Jones IV, US Army Commanding Deciding Authority) considered and denied Plaintiffs claim in a written decision dated December 12, 2023 (Desrochers Dec'l at Par. 10).

17.    On April 4, 2024, Plaintiffs filed a second Request for FDR under the procedure provided in their lease, this time alleging that Defendants had increased the monthly rent for the Property in an amount greater than allowed under California law. Plaintiffs sought segregation of their rental payments and reimbursement of amounts paid for rent in excess of the amount allowed under California law. After Plaintiffs and Defendants submitted their written positions and responses on the issues in dispute, the Deciding Authority, U. S. Army Lieutenant General Omar Jones IV, considered and denied Plaintiffs claim in a written decision dated June 9, 2024 (Desrochers Dec'l at Par. 11).

18.    On or about November 18, 2024, Jonathon Mikkelson, Alyssa Mikkelson and minor children NM, LM, MM, AM and EM Mikkelson (collectively "Plaintiffs") commenced this action

by filing a complaint, entitled *Jonathon Mikkelson, Alyssa Mikkelson and minor children NM, LM, MM, AM and EM Mikkelson v. Michaels Management Services, LLC, a Delaware limited liability company; the Michaels Organization LLC, a New Jersey limited liability company; Monterey Bay Manager LLC, a California limited liability company; Professional Asbestos Removal Corporation, a California Corporation and Does 1 through 50, inclusive,* Superior Court of Monterey, County of Monterey, Case No. 24CV004879 (see Desrochers Dec'l at **EXHIBIT C**).

19.    On or about December 2, 2024, Defendants' counsel determined that Plaintiffs had filed a Complaint in Monterey County Superior Court on November 18, 2024, however a copy of the Complaint could not be accessed via the Court's website. Defendants, through counsel, obtained a copy of the Complaint from the Monterey County Superior Court on December 3, 2024. Defendants have not been served with the Complaint as of the date of filing this Notice. (See Desrochers Dec'l at Par. 6 and 7 and **EXHIBIT C**).

20.    Plaintiffs' Complaint asserts twelve common law causes of action against the Defendants relating to alleged habitability issues at the Property. These causes of action include state tort law claims as well as breach of contract claims.

**THIS NOTICE OF REMOVAL COMPLIES WITH THE PROCEDURE FOR REMOVAL OF CIVIL ACTIONS**

21.    No party to the Action has filed an answer or otherwise responded to the Complaint.

22.    Defendants Michaels Management Services, LLC, Monterey Bay Military Housing, LLC, The Michaels Organization LLC and Monterey Manager LLC consent to the removal of this action.

23.    The consent of Defendants "Professional Asbestos Removal Corporation"; and Does 1 through 50 is not required and/or would be impossible to obtain, and therefore need not be considered for purposes of removal. Defendants "Professional Asbestos Removal Corporation" and Does 1 through 50 have not been served in the state court action and thus their consent to removal is unnecessary. *See Schwartz v. FHP Int'l Corp.*, 947 F. Supp. 1354, 1362 (D. Ariz. 1996) ("Those named as defendants but not yet served in the state court action need not join the notice of removal.") (citing *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984)); *Losurdo*

*v. JPMorgan Chase Bank, N.A.*, No. 2:16-CV-01409-JAK-AGR, 2016 WL 8730559, at *5 (C.D. Cal. May 6, 2016) (same). Similarly, the consent of defendants Does 1 through 50, who are identified in the Complaint under fictitious names, likewise need not be obtained or considered for purposes of removal. *Id.* at *5.

24.    Venue is proper because "a substantial part of the events or omissions giving rise to the claim occurred" in the judicial district of the United States District Court for the Northern District of California, San Jose Division. 28 U.S.C. § 1391(b)(2). Indeed, all of the relevant events of this lawsuit are alleged to have taken place within this District.

<b>RESERVATION OF RIGHTS</b>

25.    Nothing in this Notice of Removal shall be interpreted to waive any Defendants' right to assert any defense, counterclaim, or affirmative matter. Specifically, the Defendants do not concede the legal sufficiency of Plaintiffs' claims or that this Court has personal jurisdiction over any Defendant.

**WHEREFORE,** Defendants Michaels Management Services, LLC, Monterey Bay Military Housing, LLC, The Michael Organization LLC and Monterey Bay Manager LLC respectfully remove this action to this Court from the California Superior Court for the County of Monterey.

DATED:  December 30, 2024                LEWIS BRISBOIS BISGAARD & SMITH LLP

By:    */s/ Paul A. Desrochers*
-----------------------------------------
Paul A. Desrochers
Robert Farrell
Attorneys for Defendants
Michaels Management Services LLC; Monterey Bay
Military Housing, LLC; The Michaels Organization,
LLC; and Monterey Bay Manager LLC

1

2

**CERTIFICATE OF SERVICE**
*Jonathan Mikkelson, et al. v. Michaels Management Services LLC, et al.*
USDC-Northern District, San Jose Division, Court Case No.

3    STATE OF CALIFORNIA, COUNTY OF CONTRA COSTA

4

5

At the time of service, I was over 18 years of age and not a party to the action. My business address is 45 Fremont Street, Suite 3000, San Francisco, CA 94105. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

6    On December 30, 2024, I served the following document:

7

8

**DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**

9

I served the document on the following person at the following address (including a fax number and email address, if applicable):

10

11

12

13

| | |
|---|---|
| Dan B. Yakobian, Esq.<br>DBY Law<br>3250 Wilshire Boulevard, Suite 706<br>Los Angeles, CA 90010<br>***Attorneys for Plaintiffs*** | Tel:  213.316.8844<br>Fax: 213.618.8844<br>Email: dan@bigdlaw.com |

14    The document was ***filed*** by the following means:

15

16

☒ **(BY COURT'S CM/ECF SYSTEM)** The document was filed via CM/ECF (excluding those not registered for CM/ECF who were served by mail or email, if applicable).

17    The document was ***served*** by the following means:

18

19

☒ **(BY EMAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the document to be sent from email address terri.groshong@lewisbrisbois.com to the persons at the email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

20

21

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

22    Dated:  December 30, 2024

          */s/ Terri Groshong*

23    Terri Groshong

24

25

26

27

28

150422229.1

**CERTIFICATE OF SERVICE**