United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JONATHAN MIKKELSON, et al.,

        Plaintiffs,

    v.

MICHAELS MANAGEMENT SERVICES LLC, et al.,

        Defendants.

Case No.  24-cv-09504-VKD

**ORDER RE DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT**

Re: Dkt. Nos. 56, 57

Plaintiffs Jonathan and Alyssa Mikkelson and their minor children N.M., L.M., M.M., A.M., and E.M. (collectively, "plaintiffs" or "Mikkelsons") sue for injuries they claim they sustained as a result of toxic mold contamination and substandard living conditions they experienced while living at The Parks at Monterey, a privatized housing project on the former Fort Ord military installation in Monterey, California.  The Court assumes familiarity with the facts alleged by the Mikkelsons, whose substantive claims remain substantially the same.  The operative pleading is the Mikkelsons' second amended complaint ("SAC").  Dkt. No. 54.

Defendant Professional Asbestos Removal Corporation ("PARC") moves pursuant to Rule 12(b)(6) to dismiss plaintiffs' claims for negligence and negligent maintenance of premises.  Dkt. No. 56.  Defendants Michaels Management Services, LLC, The Michaels Organization, LLC, and Monterey Bay Military Housing LLC (collectively, "Michaels defendants") move pursuant to Rule 12(b)(6) to dismiss all twelve claims for relief asserted in the SAC.  Dkt. No. 57.  Upon consideration of the moving and responding papers, as well as the oral arguments presented, and for the reasons discussed at the April 14, 2026 motion hearing, the Court grants in part and denies in part defendants' respective motions to dismiss as follows:

The Court denies the Michaels defendants' motion to dismiss, except with respect to their arguments that claim 5 for breach of contract names the wrong defendant. The Court gives plaintiffs leave to amend to correct that error, and to remove Monterey Bay Manager LLC[1] as a defendant. As plaintiffs stated at the motion hearing that they do not object to dropping defendant The Michaels Organization from their claim(s) for breach of warranty of habitability, they are also given leave to amend those claims to remove this defendant. The Michaels defendants' motion to dismiss is otherwise denied.

With respect to PARC's motion to dismiss, it appears that plaintiffs have no factual basis at present to allege negligent conduct before the remediation work that allegedly began on June 16, 2023. *See* Dkt. No. 54 ¶¶ 62, 64. The Court grants PARC's motion to dismiss as to any such conduct, but gives plaintiffs leave to amend if and/or when plaintiffs have a non-speculative factual basis to allege that PARC was negligent based on earlier conduct. PARC's motion to dismiss the SAC is otherwise denied.

Plaintiffs third amended complaint, including any cited exhibits, must be filed no later than **April 17, 2026**, consistent with the rulings in this order. Defendants' respective answers shall be filed within 14 days of the filing of the third amended complaint, i.e., by **May 1, 2026**.

**IT IS SO ORDERED.**

Dated: April 14, 2026

Virginia K. DeMarchi
United States Magistrate Judge

---

[1] At the motion hearing, plaintiffs stated that they did not intend to name Monterey Bay Manager LLC as a defendant.

United States District Court
Northern District of California