UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JONATHAN MIKKELSON, et al.,

Plaintiffs,

v.

MICHAELS MANAGEMENT SERVICES LLC, et al.,

Defendants.

Case No. 24-cv-09504-VKD

**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO SERVE LATE EXPERT DISCLOSURES AND TO MODIFY CASE SCHEDULE**

Re: Dkt. No. 80

Plaintiffs move the Court for leave to serve belated expert disclosures and to modify the case schedule. Dkt. Nos. 80, 89. Defendants oppose the motion. Dkt. Nos. 84, 85. Upon consideration of the moving and responding papers, as well as the oral arguments presented, the Court grants plaintiffs' motion.

## I. BACKGROUND

Plaintiffs Jonathan and Alyssa Mikkelson and their minor children N.M., L.M., M.M., A.M., and E.M. (collectively, "plaintiffs" or "Mikkelsons") sue for personal injuries they claim they sustained as a result of toxic mold contamination and substandard living conditions they experienced while living at The Parks at Monterey, a privatized housing project on the former Fort Ord military installation in Monterey, California. The remaining defendants are Michaels Management Services LLC, Monterey Bay Military Housing LLC, and The Michaels Organization, LLC (collectively, "defendants").[1] The Mikkelsons' operative fourth amended

---

[1] The Court previously dismissed defendant Monterey Bay Manager LLC, and plaintiffs did not name that defendant in their operative fourth amended complaint. *See* Dkt. Nos. 67, 71. Plaintiffs dismissed defendant Professional Asbestos Removal Corporation after reaching a settlement. *See* Dkt. No. 75.

United States District Court
Northern District of California

complaint (Dkt. No. 71) asserts twelve claims for relief: (1) negligence, (2) negligent maintenance of premises, (3) fraud, (4) negligent misrepresentation, (5) breach of contract, (6) breach of the covenant of quiet enjoyment, (7) nuisance, (8) breach of implied warranty of habitability, (9) statutory breach of warranty of habitability (Cal. Civil Code §§ 1941, 1941.1, 1942.4), (10) wrongful eviction (Cal. Civil Code § 789.3), (11) intentional infliction of emotional distress, and (12) unfair competition (Cal. Bus. & Prof. Code § 17200, *et seq*.).

In its original scheduling order, issued on August 12, 2025, the Court set a schedule, including a May 15, 2026 fact discovery cutoff, a June 5, 2026 deadline for Rule 26(a)(2) expert disclosures, a June 26, 2026 deadline for Rule 26(a)(2) rebuttal disclosures, an August 14, 2026 expert discovery cutoff, an October 20, 2026 deadline for hearing dipositive and *Daubert*[2] motions, a January 20, 2027 final pretrial conference, and a six-day jury trial starting on February 10, 2027. Dkt. No. 38.

At the parties' request (Dkt. No. 64), on March 4, 2026, the Court set extended case deadlines, including a July 14, 2026 fact discovery cutoff, an August 4, 2026 deadline for Rule 26(a)(2) expert disclosures, an August 25, 2026 deadline for Rule 26(a)(2) rebuttal disclosures, an October 13, 2026 expert discovery cutoff, a December 15, 2026 deadline for hearing dispositive and *Daubert* motions; an April 7, 2027 final pretrial conference, and a six-day trial starting on May 10, 2027. Dkt. No. 65.

The Mikkelsons admittedly missed the August 4, 2026 deadline for their Rule 26(a)(2) expert disclosures. Their counsel, Mr. Yakobian, says he failed to served disclosures on behalf of his clients by the deadline due to a calendaring error, which he acknowledges he made twice. Apparently, after the Court issued its original scheduling order, Mr. Yakobian mistakenly calendared the expert discovery cutoff date as the deadline for opening expert disclosures. He says he made this same mistake again after the Court granted the parties' request to modify the case schedule. Mr. Yakobian concedes that defendants put him on notice of his calendaring error in a series of correspondence between July 31, 2026 and August 4, 2026. Mr. Yakobian also

[2] *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993)

United States District Court
Northern District of California

admits that for more than a month following the August 4, 2026 Rule 26(a)(2) expert disclosure deadline, he did nothing—i.e. he did not serve expert disclosures or rebuttal expert disclosures, did not notice depositions of defendants' disclosed experts, did not follow up on an invitation to stipulate to extend the court-ordered expert deadlines, and did not seek relief from the Court with respect to the case schedule. He has offered no explanation for his failure to act during this period. *See* Dkt. Nos. 80-1, 89-1.

Meanwhile, on September 11, 2026, defendants moved for summary judgment as to all of the Mikkelsons' claims for relief, arguing that without expert testimony, the Mikkelsons cannot establish causation for their claimed personal injuries and damages. Dkt. No. 76. Defendants' summary judgment motion, which is now fully briefed, is set for a November 17, 2026 hearing. *See* Dkt. No. 79.

On September 18, 2026, the Mikkelsons filed the present motion for permission to serve belated expert disclosures. Dkt. No. 80. The Mikkelsons state that they have retained two experts, Richard C. Summerbell, Ph.D. (a mycologist) and James G. Dahlgren, M.D. (an environmental/occupational medicine physician), whose testimony plaintiffs intend to present at trial.[3] Drs. Summerbell and Dahlgren reportedly confirmed that they could prepare their respective expert reports by October 13, 2026. The Mikkelsons now seek leave to make belated disclosures as to Drs. Summerbell and Dahlgren, as well as an order modifying deadlines for expert disclosures and discovery to accommodate these late expert disclosures. The Mikkelsons argue that their failure to make timely expert disclosures was the result of "excusable neglect" under Rule 6(b) and is harmless under Rule 37(c), and that good cause exists under Rule 16 to modify the Court's scheduling order.

## II. DISCUSSION

### A. Motion for Leave to Serve Late Expert Disclosures

Rule 26 governs the disclosure of expert testimony and provides that a party must disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence

[3] The Mikkelsons confirm that they have not retained treating physician Dr. Esmeralda Morales to testify as an expert at trial. *See* Dkt. No. 89 at 6.

702, 703, or 705 . . . at the times and in the sequence that the court orders." *See* Fed. R. Civ. P. 26(a)(2)(A), (D). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness" and containing, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," and "any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii). A party who violates Rule 26 faces potential sanctions as described in Rule 37.

Under Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001) (explaining that Rule 37(c)(1) "gives teeth" to Rule 26(a)'s expert disclosure requirements "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."). "In addition to or instead of this sanction," the Court may, on motion and after giving an opportunity to be heard, impose other sanctions authorized by Rule 37(c)(1)(A)-(C). As the Ninth Circuit has observed, "[t]he Advisory Committee Notes describe [Rule 37(c)(1)] as a 'self-executing,' 'automatic' sanction to 'provide[ ] a strong inducement for disclosure of material,'" unless an exception applies. *Yeti by Molly,* 259 F.3d at 1106 (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)).

In the Ninth Circuit, courts consider several factors in determining whether a failure to disclose was substantially justified or harmless, including: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). As the parties facing potential exclusion of their experts' testimony, the Mikkelsons bear the burden to prove that their delay in disclosing their experts was justified or harmless. *Yeti by Molly*, 259 F.3d at 1107.

The Court readily concludes that the Mikkelsons' failure to timely disclose their experts is

not substantially justified, particularly given the nature of their claims for which expert testimony could reasonably have been anticipated. *See Wong v. Regents of the Univ. of California*, 410 F.3d 1052, 1061-62 (9th Cir. 2005). Mr. Yakobian's course of conduct with respect to his failure to timely disclose the Mikkelsons' experts as required under Rule 26(a)(2) and the belated retention of Drs. Summerbell and Dahlgren is nothing short of unexplained neglect and utter disregard of the requirements of Rule 26 and the Court's scheduling order.

The principal point of contention is whether Mr. Yakobian's failure to timely make the disclosures required by Rule 26(a)(2) on behalf of his clients is harmless and should be excused. On this point, the Court agrees with the Mikkelsons that defendants have not been prejudiced by the belated expert disclosures, and even if they have, any such prejudice may be adequately remedied as set out below. While defendants argue that they were prejudiced in making one-sided expert disclosures to plaintiffs, they concede that they *also* did not serve their *own* experts' reports, as required by the Court's scheduling orders. *See* Dkt. No. 38 at 2 n.2, Dkt. No. 65 at 1 n.1. This is equally true of Dr. Geng, whom defendants identified to plaintiffs on August 25, 2026, weeks after the initial expert disclosure deadline, as a substitute for Dr. Saxon. The record indicates that defendants' Rule 26(a)(2) disclosures for their medical/health experts provided only each expert's identity and curriculum vitae, and stated that the experts are expected to testify about "issues related to Plaintiffs['] alleged injuries from exposure to mold during their tenancy at the Property, the conditions which existed at the Property during and their tenancy and the conditions at the Property as reflected in pre[-] and post-tenancy inspections and testing performed at the Property by other consultants," or similar language. *See* Dkt. No. 80-1 at 17, 30, 37, 63. Defendants also disclosed a property management expert and stated that he is expected to testify about "the standard of care for residential property management in residential units of the type in issue in this case in the Monterey County California, Defendants' duties under applicable codes and ordinances and the reasonableness of the actions undertaken by Defendants as the owner/managers of the Subject Property in response to Plaintiffs' complaints in the context of the requirements of the rental agreement and pertinent Civil Code provisions." *See id*. at 27. Defendants do not articulate, nor does the Court find, any "tactical benefit" the Mikkelsons

obtained from defendants' disclosure of their experts' identities and backgrounds, or their broad and generic disclosures of each expert's anticipated testimony. The Court is also not persuaded that defendants were prejudiced in filing their summary judgment motion, as defendants acknowledged at oral argument that they made a strategic decision to file that motion.

Accordingly, while the Mikkelsons' failure to timely serve their expert disclosures is not substantially justified, on this record, and given defendants' own failure to timely serve their expert disclosures, the Court finds that the Mikkelsons' failure is harmless.

### B. Motion to Modify the Scheduling Order

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16(b) "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory comm. note (1983)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* "If that party was not diligent, the inquiry should end." *Id.*

At the motion hearing, the Mikkelsons confirmed that on October 20, 2026, they served defendants with the reports prepared by Drs. Summerbell and Dahlgren, along with other materials required by Rule 26(a)(2). Defendants confirmed that they have now served the reports and other materials required by Rule 26(a)(2) for Drs. Fischman and Geng and for Mr. Posson. Pursuant to an agreement with the Mikkelsons, defendants will serve Mr. Cantrell's report and other materials required by Rule 26(a)(2) ten days prior to Mr. Cantrell's deposition, which currently is set for mid-November. At the motion hearing, plaintiffs and defendants expressed an intent to serve rebuttal expert disclosures and to also file *Daubert* motions with respect to one or more of the opposing party's experts.

Neither plaintiffs nor defendants have been diligent with respect to their respective expert

disclosures. Until plaintiffs filed the present motion, no one sought relief from the Court's scheduling order. In addition to the conduct addressed above, the parties decided between themselves to make considerable scheduling accommodations during both fact and expert discovery, with the result that both sides have yet to complete their expert disclosures or discovery at a time when all expert discovery should have already been completed under the March 2026 scheduling order.

While the present motion was being briefed, the Court granted the parties' joint request to extend the expert discovery cutoff to December 1, 2026. Dkt. No. 92. The Court will also grant plaintiffs' request to extend the deadline for hearing *Daubert* motions to **January 26, 2027**.[4] Accordingly, the parties are required to file any *Daubert* motions by **December 22, 2026**. The Court expects the parties to complete their intended rebuttal expert disclosures and expert discovery in the time allotted, without any further disruption to the case schedule.

As the Court advised at the hearing, it may not be possible for the parties to keep their final pretrial conference and trial dates. The Court will consider whether those dates require re-scheduling after the parties file *Daubert* motions, if any.

By **October 30, 2026**, the parties shall file a joint report stating the date by which they will serve their respective rebuttal expert disclosures. The parties shall also state (1) whether they believe further ADR may be productive; and if so, (2) whether they prefer to schedule another private mediation with Vivian Williamson (Signature Resolutions) or whether they prefer a referral to some other form of ADR, and (3) a deadline for completion of any further ADR.

## III. CONCLUSION

For the reasons discussed above, the Court grants plaintiffs' motion for leave to serve late expert disclosures and for modification of the scheduling order.

//

//

[4] As noted above, defendants have already filed a motion for summary judgment which is fully briefed. The Court denies the Mikkelsons' request to supplement their opposition to that motion. The Mikkelsons indicated at the hearing that they do not intend to file a motion for summary judgment. Thus, the Court does not extend the deadline for hearing dispositive motions.

**IT IS SO ORDERED.**

Dated: October 28, 2026

Virginia K. DeMarchi
United States Magistrate Judge