United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JONATHAN MIKKELSON, et al.,<br>Plaintiffs,<br>v.<br>MICHAELS MANAGEMENT SERVICES LLC, et al.,<br>Defendants. | Case No. 24-cv-09504-VKD<br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND VACATING MOTION HEARING**<br>Re: Dkt. No. 76 |

Plaintiffs Jonathan and Alyssa Mikkelson and their minor children N.M., L.M., M.M., A.M., and E.M. (collectively, "plaintiffs" or "Mikkelsons") sue for personal injuries they claim they sustained as a result of toxic mold contamination and substandard living conditions they experienced while living at The Parks at Monterey, a privatized housing project on the former Fort Ord military installation in Monterey, California.[1] The Mikkelsons' operative fourth amended complaint (Dkt. No. 71) asserts twelve claims for relief: (1) negligence, (2) negligent maintenance of premises, (3) fraud, (4) negligent misrepresentation, (5) breach of contract, (6) breach of the covenant of quiet enjoyment, (7) nuisance, (8) breach of implied warranty of habitability, (9) statutory breach of warranty of habitability (Cal. Civil Code §§ 1941, 1941.1, 1942.4), (10) wrongful eviction (Cal. Civil Code § 789.3), (11) intentional infliction of emotional distress, and (12) unfair competition (Cal. Bus. & Prof. Code § 17200, *et seq.*). The remaining defendants are Michaels Management Services LLC, Monterey Bay Military Housing LLC, and The

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 6, 9. 21.

United States District Court
Northern District of California

Michaels Organization, LLC (collectively, "defendants").[2]

On September 11, 2026, defendants moved for summary judgment as to all of the Mikkelsons' claims for relief. The crux of defendants' motion is that the Mikkelsons failed to disclose any experts by the court-ordered deadline and that, without expert testimony, the Mikkelsons cannot establish causation for their claimed personal injuries and damages. Dkt. Nos. 76, 83. In opposing that motion, the Mikkelsons argued that defendants failed to specifically address any element of their claims and therefore did not meet their initial burden on summary judgment. In any event, the Mikkelsons maintained that medical causation is not an element of any claim for relief, and that they can establish the conditions of the subject property even without the aid of an expert. *See* Dkt. No. 83.

Meanwhile, on September 18, 2026, the Mikkelsons moved for leave to serve late expert disclosures and to modify the case schedule. Dkt. No. 80. Following the parties' respective briefing and a hearing, the Court granted the Mikkelsons' motion on October 28, 2026. Dkt. No. 94. As the Mikkelsons have been given leave to serve late expert disclosures, and the case is now proceeding with modified expert-related deadlines (*see* Dkt. Nos. 94, 96), the Court finds no basis to grant defendants' summary judgment motion. Accordingly, defendants' motion for summary judgment is denied. The November 17, 2026 motion hearing is vacated.

**IT IS SO ORDERED.**

Dated: November 12, 2026

Virginia K. DeMarchi

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[2] The Court previously dismissed defendant Monterey Bay Manager LLC, and plaintiffs did not name that defendant in their operative fourth amended complaint. *See* Dkt. Nos. 67, 71. Plaintiffs dismissed defendant Professional Asbestos Removal Corporation after reaching a settlement. *See* Dkt. No. 75.